### FRANK ENGMAN v. THE STATE.

No. 3712. Decided October 20, 1915.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Remarks by Judge**

Where the remarks made by the judge to the jury were in no way prejudicial to the defendant, there was no reversible error. Following Tyrone v. State, 77 Texas Crim. Rep., 493.

**3.—Same—Other Sales—Bill of Exceptions.**

Where the complaint was that evidence was admitted as to other sales, was not borne out by the record, and the bill of exceptions was defective, there was no reversible error.

**4.—Same—Evidence—Pregnant Facts.**

Where, upon trial of a violation of the local option law, the location as to where the whisky was alleged ·to have been sold, was in issue, there was no error in admitting evidence as to the furniture in the room for the purpose of showing the identity of the place where the alleged sale occurred.

Appeal from the District Court of Potter. Tried below before the Hon. Hugh L. Umphres.

Appeal from a conviction of a violation of the local option law; penalty, one year confinement in the penitentiary.

The opinion states the case.

*Lumpkin & Harrington* and *Cooper & Merrill,* for appellant.—On question of remarks by the court: Winfrey v. State, 66 S. W. Rep., 919; Wilson v. State, 15 Texas Crim. App., 150.

On question of other sales: Mitchell v. State, 159 S. W. Rep., 1073.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for selling whisky in prohibition territory, and his punishment assessed at the lowest prescribed by law.

The evidence, while disputed, was amply sufficient to sustain the verdict. It showed a sale by appellant as alleged.

Appellant's first bill of exceptions complains of some remarks by the judge to the jury, after delivering his written charge to them, giving them some directions. What the judge said to the jury was in no way prejudicial to appellant and presents no error. Tyrone v. State, 77 Texas Crim. Rep., 493, 180 S. W. Rep., 125, and authorities therein cited.

Appellant has a bill complaining that the court permitted the witness, to whom the indictment alleged appellant sold whisky, to testify to other sales to him. The State objects to the bill as insufficient to require the court to pass upon the question. And it also contends that the testimony shown by the bill shows clearly that the witness did not testify to any other sale than that alleged in the indictment. We think both contentions by the State are well taken. The witness did not testify to any other sale to him by appellant, even if we could consider the bill.

The other bills are also objected to by the State as insufficient. Even if we could consider them, or any of them, they present no error. The question of the time said State's witness claimed he purchased, and the location where he claimed he bought the whisky from appellant, was directly in issue and proper to be shown. The court permitted the State to prove by another witness the location of the building in which the appellant had a room when the sale occurred, and over his objection permitted the witness to tell that he noticed two beds, a washstand and center table in the room when he was in it. Evidently this was for the purpose of identifying the room where the alleged sale occurred. Under

no circumstances would it be reversible error for the court to permit such evidence. There is nothing else raised requiring discussion.

The judgment is affirmed.

———

*Affirmed.*